# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

AISHA PANKEY,

        Plaintiff,

v.

CASUAL LABOR,

        Defendant.

2:11-cv-00408-GMN-LRL

**O R D E R**

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all

1  material allegations in the complaint are accepted as true and are to be construed in the light most
2  favorable to the plaintiff. *Russel v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a
3  pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines*
4  *v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e),
5  the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,
6  unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.
7  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

8        Plaintiff has filed a Complaint against Casual Labor using the court's form to file § 1983 actions.
9  The substance of plaintiff's allegations reveals, however, that she is not alleging a civil rights violation
10 under § 1983. Plaintiff does not establish that the allegations are traceable to the state. *See Blum v.*
11 *Yaretsky*, 457 U.S. 991, 1002-12 (1982) (private persons who are not government officials may be sued
12 under § 1983, but they and their actions must be very closely tied to the government in order to be
13 considered "acting under color of state law"). Rather, the Complaint alleges that she arrived at Casual
14 Labor "daily 5 days out of the week to wait for employment, but never received employment." In the
15 space provided on the court's form to "explain how this defendant was acting under color of law,"
16 plaintiff wrote, "Black and Female." In the space provided to name the civil rights violated under count
17 I plaintiff wrote, "not being assigned to an job assignment." Counts II and III were left blank.

18       On its face, the Complaint most closely resembles an attempt to allege a violation of Title VII
19 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, but plaintiff has not set forth the particular
20 facts that would entitle her to relief for discrimination under that statute. Moreover, in order to pursue
21 an action under Title VII in federal court, one must have filed a charge with the U.S. Equal Employment
22 Opportunity Commission ("EEOC") or the Nevada Equal Opportunity Rights Commission ("NERC")
23 and received a Notice of Right-to-Sue. *See* 42 U.S.C. § 2000e-5(f)(1). There is no indication that
24 plaintiff has filed a complaint with the EEOC or NERC, nor does she proffer evidence of a Right-to-Sue
25 letter from the EEOC. Plaintiff's complaint must be dismissed. Plaintiff will, however, be afforded an
26

opportunity to amend her Complaint. Should plaintiff file an amended complaint, it must cure the deficiencies listed above.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by May 30, 2011, or her case may be dismissed with prejudice.

DATED this 29th day of April, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3